**UNITED STATES of America**

v.

**Lowden DAVID.**

**Crim. No. CR85–3.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 25, 1987.

H. Allen Moye, Sp. U.S. Asst. Atty., Atlanta, Ga., for U.S.

Ray H. Ledford, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This criminal case is before the court on remand from the United States Court of Appeals for the Eleventh Circuit, 803 F.2d 1567. The Court of Appeals has directed the court to determine whether the prosecutor's exercise of peremptory challenges in jury selection violated the Defendant's right of equal protection under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court's decision in *Batson* was announced after Defendant appealed his conviction. *Batson* applies to cases pending on appeal when *Batson* was announced. *Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

The facts are as follows. Defendant Lowden David is black. The panel of twenty-eight prospective jurors from which the twelve person jury was selected contained three black persons. This panel was a list prepared by random method, drawn from a jury pool which is itself selected at random. The instant case is a felony case; no additional peremptory challenges were requested or allowed. Hence, the Defendant was permitted to exercise ten peremptory challenges and the government six. The Defendant struck ten white persons; the government struck two black persons and four whites.

The alternate panel consisted of three persons: two blacks and one white. The government struck one of the black panel members, and the Defendant struck the white panel member.

Accordingly, the jury had eleven white members and one black member. The alternate juror was black.

At an evidentiary hearing held on June 22, 1987, the Defendant argued that the numerical ratios reflected by the government's strikes constitute a prima facie showing that the prosecutor acted with discriminatory racial intent in exercising peremptory strikes. Specifically, the government struck two-thirds of the blacks from the regular panel and one-half of the blacks from the alternate panel. The government urges that the numerical ratios do not suffice to make out a prima facie case. Alternatively, the government offered evidence from the prosecutor as to why he struck each of the blacks with respect to the regular panel. He states he struck juror Curry because she was in the advanced stages of pregnancy. He states he struck juror Wright because he is an employee of the federal government, and he believes that government employees tend to be naive.[1] He states he struck juror Murphy from the alternate panel because juror Murphy's son was on probation.

In *Batson*, the Supreme Court specifically recognized that a defendant can establish an equal protection violation solely based on evidence concerning the prosecutor's use of peremptory strikes at the defendant's own trial. The Court held that the defendant can establish a prima facie case of discrimination as follows:

... the defendant first must show that he is a member of a cognizable racial group, (cite omitted) and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Secondly, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." (cite omitted). Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

In deciding whether the defendant has made the requisite showing, the trial

---

1. Defense counsel, a former prosecutor, states he believes government employees would naturally tend to identify with the government.

court should consider all relevant circumstances. For example, a "pattern" of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative....

*Id.*, 106 S.Ct. 1712 at 1723. In the instant case, the Defendant is a member of a cognizable racial group; the prosecutor did remove members of his race from the panel. The question therefore is whether these facts and "any other relevant circumstances" raise an inference that the prosecutor excluded blacks from the jury on account of their race.

The only "relevant circumstance" urged by the Defendant is the claim that the prosecutor used a pattern of strikes against black jurors. For the reasons explained, the court rejects the Defendant's argument and finds that no prima facie case of purposeful racial discrimination has been shown.

Although the percentage of black jurors struck from a jury panel might establish a prima facie case in some instances, here it does not because of the coincidence of two factors: (1) the number of black persons on the regular panel was small and (2) the prosecutor could have, but did not, strike all of the black members of that panel. In this case a more appropriate analysis focuses on the prosecutor's decision-making process as to each of his seven strikes (six strikes for the regular panel and one for the alternate panel). Because the jury which was ultimately selected contained representation from both races, it is fair to say that each time the prosecutor exercised a strike, he made a choice between striking either a white or a black juror. Of the seven strikes, three were utilized to exclude blacks and four were utilized to exclude whites. This does not suffice to establish a pattern of strikes against black jurors. The court finds that no prima facie case of discrimination has been shown.

Although the court's finding that no prima facie case has been established obviates the need to consider the government's explanation for each of its strikes, given the present appellate posture of the case the court will nonetheless consider the government's explanation.

In *Batson*, the Supreme Court stated that the prosecutor's obligation is to articulate a "clear and reasonably specific" nondiscriminatory explanation of why he struck the black jurors. *Id.* at 1723–24, n. 20. When that has been done, the ultimate question is one of credibility, *id.* at 1724, n. 21, *i.e.*, whether the prosecutor's statement that he personally was motivated by the nondiscriminatory reason(s) is believable.

The court finds that the prosecutor's statement of reasons in this case was clear and reasonably specific, and further, that his explanation was credible.

The Clerk is hereby DIRECTED to immediately transmit the instant order to the United States Court of Appeals for the Eleventh Circuit.