UNITED STATES of America, Plaintiff–Appellee,

v.

Lowden DAVID, Defendant–Appellant.

No. 87–8555
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 5, 1988.

Ray H. Ledford, Atlanta, Ga., (Court-appointed), for defendant-appellant.

H. Allen Moye, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

A jury convicted appellant, Lowden David, on charges of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. In an earlier opinion we vacated the conviction and remanded the case to the district court for a determination of whether the prosecutor exercised peremptory challenges in violation of appellant's right of equal protection under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *United States v. David*, 803 F.2d 1567 (11th Cir.1986). On remand the district court held that appellant failed to meet the burden of proving the discriminatory use of peremptory challenges. 662 F.Supp. 244 (N.D.Ga.1987). We affirm.

I.

Appellant, who is black, argues that the government's exercise of peremptory challenges deprived him of his right to fair representation on the jury. The jury was selected from a panel of twenty-eight persons: three of them were black. The prosecutor exercised two of his six peremptory challenges to strike two black panel members and used the remaining challenges to strike four white panel members. The defendant used his ten peremptory challenges to strike ten white panel members. In addition, the prosecutor and the defendant each exercised one peremptory challenge to strike a member of the alternate panel. The alternate panel consisted of three persons: two of them were black. The prosecutor struck one black alternate and the defendant struck the white alternate. The resulting twelve person jury consisted of one black person and one black alternate.

At the evidentiary hearing held on remand by the district court, appellant argued that the prosecutor exercised a pattern of strikes against black jurors on the panel. Appellant stated that the government excluded two-thirds of the black persons on the panel and one half of the black persons on the alternate panel. Since David was a member of a cognizable racial group, appellant argued that the statistical information established a prima facie case of intentional discrimination.

The government argued that the statistical information did not establish a prima facie case of intentional discrimination, but offered its nonracial reasons for exercising its challenges. The prosecutor stated that he removed two black persons from the panel because one was pregnant and the other was an employee of the federal government. According to the prosecutor, the black alternate was struck because his son was on probation.

The district court held that the defendant did not establish a prima facie case of intentional discrimination. While not rejecting the possibility that a statistical analysis may establish a prima facie case, the court reasoned that the small number of blacks on the regular panel and the prosecutor's unexercised ability to strike all black members of the venire did not "establish a pattern of strikes against black jurors."[1] Alternatively, the district court found, in light of the government's

1. Appellant's failure to establish a prima facie case is an alternative basis for the district court's opinion. Although we have some difficulty with this finding, it is not necessary for us to address it.

explanations, that the prosecutor rebutted the prima facie case by articulating "clear and reasonably specific" explanations for the strikes. *See Batson,* 476 U.S. at 96–99 & n. 20, 106 S.Ct. at 1723–24 & n. 20.

## II.

The equal protection clause of the United States Constitution prohibits a prosecutor from purposefully exercising peremptory challenges to exclude potential jurors solely on account of race. *Batson,* 476 U.S. at 89–91, 106 S.Ct. at 1719. Under *Batson* a defendant must establish a prima facie case of purposeful discrimination by the prosecutor with evidence of his exercise of peremptory challenges in the defendant's case.[2] *Id.* at 1722–23. Once a prima facie case is established, the burden shifts to the prosecutor to articulate a clear, reasonably specific and neutral explanation for challenging the black jurors. *Id.* at 1723.

As stated by the *Batson* court, "the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause." *Id.* The Supreme Court, however, emphasized that the prosecutor may not rebut the defendant's prima facie case by merely denying a discriminatory motive or stating that the jury "would be partial to the defendant because of their shared race." *Id.* Rather, the government must "come forward with a neutral explanation for challenging black jurors." *Id.* In this case, the district court found that the prosecutor articulated a neutral explanation for each of the excluded black jurors. The district court's determination that the government has rebutted the prima facie case typically turns on an evaluation of the prosecutor's creditability, so a reviewing court must give the district court's findings "great deference." *Id.* at 1724 n. 21; *see*

also *United States v. Lewis,* 837 F.2d 415, 417 (9th Cir.1988); *United States v. Love,* 815 F.2d 53, 54–55 (8th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 177, 98 L.Ed.2d 130 (1987). We therefore hold that the district court's finding is not clearly erroneous.

AFFIRMED.

---

2. To establish a prima facie case, the Supreme Court stated:

> [T]he defendant first must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.

*Batson,* 476 U.S. at 96–98, 106 S.Ct. at 1723 (citations omitted).