STATE of Utah, Plaintiff and Appellee,

v.

Stewart Lester MERRILL, Defendant and Appellant.

No. 950430–CA.

Court of Appeals of Utah.

Nov. 29, 1996.

Ronald S. Fujino, Rebecca Hyde and Lisa J. Remal, Salt Lake Legal Defender Association, Salt Lake City, for Defendant and Appellant.

Jan Graham, Attorney General, and Kris C. Leonard, Assistant Attorney General, Salt Lake City, for Plaintiff and Appellee.

Before DAVIS, Associate P.J., and BENCH and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

Stewart Lester Merrill appeals a conviction of theft, a third-degree felony, in violation of Utah Code Ann. § 76–6–404 (1995). Merrill claims that during the jury selection process, the prosecutor improperly used a peremptory challenge to dismiss a potential juror based on that potential juror's race. Merrill also claims that the trial court erred in not giving the jury a reasonable alternative hypothesis instruction. We affirm.

## FACTS

Merrill was arrested and charged with theft, a third-degree felony. During voir dire, an Asian potential juror told the court that within the previous week he had contested a speeding ticket in Colorado and lost that case. The court followed up this comment by asking the potential juror if that experience would keep him from being fair and impartial to either side in the case. The potential juror responded that he could remain fair and impartial.

After voir dire, both defendant and the prosecutor exercised their four peremptory challenges. With his fourth and final peremptory challenge, the prosecutor dismissed the Asian potential juror, who was the only minority in the juror pool. Defendant challenged the prosecutor's use of this peremptory challenge and demanded that the prosecutor explain his reason for dismissing the potential juror. The prosecutor responded by stating that based on the potential juror's recent speeding ticket, he was concerned that the potential juror would be biased against law enforcement. The trial court accepted this reason and concluded that the prosecutor's challenge was not racially motivated.

After a one-day trial, the jury found defendant guilty of theft. The trial court sentenced defendant to twelve months in jail, then stayed the sentence in favor of twenty-four months' probation. Defendant appeals.

## ANALYSIS

Under *Batson v. Kentucky*, 476 U.S. 79, 90, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), "parties in a criminal action are prohibited from engaging in purposeful racial discrimination in exercising peremptory challenges of potential jurors." *State v.*

*Higginbotham,* 917 P.2d 545, 547 (Utah 1996). In making the determination of whether a party did, in fact, exercise a peremptory challenge based on race, both the United States Supreme Court and the Utah Supreme Court have adopted a three-part test under which a court should conduct a *Batson* analysis. *Purkett v. Elem,* —— U.S. ——, ——-——, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834 (1995) (per curiam); *Higginbotham,* 917 P.2d at 547.

"Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination."

*Higginbotham,* 917 P.2d at 547 (quoting *Purkett,* —— U.S. at ——, 115 S.Ct. at 1771 (per curiam)). We examine each step in turn.

■ First, the party opposing a peremptory strike must make a prima facie case of racial discrimination. *Id.* In making this assertion, "[t]he mere fact that the subject of the peremptory strike is a minority member does not establish a prima facie case." *Id.* Instead, the Utah Supreme Court has identified three elements necessary for a prima facie case of racial discrimination: "(1) as complete a record as possible, (2) a showing that persons excluded belong to a cognizable group ... and (3) a showing that there exists 'a strong likelihood that such persons are being challenged because of their group association rather than because of any specific bias.'" *State v. Cantu,* 778 P.2d 517, 518 (Utah 1989) (citation omitted). While, in this case, we express grave doubts that defendant made out such a prima facie case, the State waived the issue by not raising it before explaining the reasons for its peremptory challenge. *See Higginbotham,* 917 P.2d at 547 ("Where the proponent of the peremptory challenge fails to contest the sufficiency of the prima facie case at trial and merely provides a rebuttal explanation for the chal-

lenge, the issue of whether a prima facie case was established is waived.").

■ The next step of the analysis "requires the prosecutor to come forward with a race-neutral explanation for the challenge." *Id.* at 548. In so doing, " '[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.' " *Purkett,* —— U.S. at ——, 115 S.Ct. at 1771 (per curiam) (quoting *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991) (plurality opinion)); *see also Higginbotham,* 917 P.2d at 548 (stating prosecutor's reason for challenge is facially valid if it "does not demonstrate a discriminatory intent"). In this case, the prosecutor stated that he used the peremptory challenge on the potential juror because he thought the potential juror might be biased against law enforcement due to a recent case in which the potential juror contested a speeding ticket and lost. As this is not a " 'characteristic that is peculiar to any race,' " this explanation is race-neutral, and the inquiry, as to whether *Batson* was violated, proceeds to step three. *Purkett,* —— U.S. at ——, 115 S.Ct. at 1771 (per curiam) (citation omitted) (finding prosecutor's explanation that he used challenges on two black potential jurors because they had long hair and beards was facially valid).

The final step of a *Batson* analysis requires the trial court to determine whether the party opposing "the peremptory challenge has proved purposeful racial discrimination." *Higginbotham,* 917 P.2d at 548. As this is a question of fact, turning on the credibility of the party making the strike, the trial court's decision "will not be set aside unless it is clearly erroneous." *Id.* Furthermore, we must note that throughout this entire *Batson* analysis, "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett,* —— U.S. at ——, 115 S.Ct. at 1771 (per curiam).

Utah courts have held that the reason given to justify a peremptory challenge must be " '(1) neutral, (2) related to the case being tried, (3) clear and reasonably specific, and (4) legitimate.' " *Cantu,* 778 P.2d at 518 (citation omitted); *see also Batson,* 476 U.S.

at 98 n. 20, 106 S.Ct. at 1724 n. 20. In this case, the prosecutor gave the following reason explaining why he removed the juror:

> Judge, I took juror No. 17 off. He indicated he got a ticket over in Colorado [for] speeding too fast. He apparently went back to Colorado and was found guilty. He thinks that he would be fair in the case. I can't run the risk. · I have a tendency to think he may be a little against law enforcement, if you will, with his experience with them. So for that reason, I struck him as a preemptory [sic] challenge.

In response, defense counsel responded only by stating that the potential juror had told the judge in a follow-up question regarding the speeding incident that he could remain fair.

In concluding that the prosecutor did not make the challenge based on the potential juror's race, the trial court stated:

> Let me just say, based upon [the prosecutor's] response, it appears to me that his decision to exercise a preemptory [sic] challenge against [the potential juror] appears to be certainly race [neutral]. I am also persuaded that it is race neutral because of the recentness of the incident with [the potential juror] wherein he was convicted of a traffic offense and I think that that provides a race neutral basis to support the preemptory [sic] challenge.

Defendant does not claim that the prosecutor's reasons were not clear and specific nor that the explanation was not race neutral; thus, we need not consider these issues.

■ Defendant rather claims the prosecutor's explanation was not related to the case being tried. Specifically, defendant claims that because the prosecution did not call any law enforcement officers to testify at trial, the prosecutor's reason for using a peremptory challenge on the potential juror, i.e., a possible bias against "law enforcement," was not related to the case at hand. Defendant is incorrect. First, at the time of jury selection, the State planned to call two police officers to testify. In fact, the two officers were introduced to the potential jury panel to determine whether there were any relation-

ships between the officers and potential jurors. Furthermore, after empaneling the jury, the prosecutor and defense counsel argued over whether one of the officers should have been excluded from the courtroom while other witnesses testified. Clearly, this argument would not have occurred had the prosecution not believed it was going to call the officer to testify during the course of the trial. Thus, as the prosecutor believed law enforcement personnel were going to testify at trial, his peremptory challenge was related to the case being tried.

■ Defendant next claims that the reasons the prosecutor gave for using a peremptory challenge on the potential juror were not legitimate. Recently, the United States Supreme Court provided guidance in determining whether a reason for a peremptory strike is legitimate. ˙ See Purkett, —— U.S. at ——, 115 S.Ct. at 1771 (per curiam). In . Purkett, the Court stated merely that "[w]hat it means by a 'legitimate reason' is not a reason that makes sense, but a reason that does not deny equal protection." Id. Certainly, an expressed fear that a potential juror is against law enforcement does not deny a potential juror equal protection. Such an explanation is a legitimate and race-neutral reason for exercising a peremptory challenge.

■ Defendant next argues that because the potential juror claimed he could be impartial, an explanation that the prosecutor feared he *might* not be impartial was not legitimate. However, peremptory challenges may properly be made on individuals who claim they can be impartial to all parties and witnesses involved in a court proceeding. *See, e.g., People v. Barber,* 200 Cal.App.3d 378, 245 Cal.Rptr. 895, 903 (1988) (finding reason for peremptory challenge proper even when panelist stated she could remain fair in spite of prior experience).

Finally, this court has held that a trial court must discount an explanation if

> the prospective juror was (1) not shown to share an alleged bias, (2) not examined or subjected only to perfunctory examination by the prosecutor when neither the trial court nor the defense had questioned him

or her, (3) singled out for questioning to evoke a specific response, (4) challenged for a reason unrelated to the trial, or (5) challenged for reasons equally applicable to other jurors not similarly challenged.

*State v. Pharris,* 846 P.2d 454, 463 (Utah App.1993). In this case, we can find no reason why the prosecutor's explanation should have been discounted. The court expressly found that the potential juror's recent experience might have had an effect on that juror's perceptions. The potential juror answered the same questions as all of the other jurors. The trial court asked follow-up questions after learning of the speeding incident. The juror was challenged for a reason dealing with the trial. And, finally, no other juror who was accepted had had such a recent experience with law enforcement. Thus, we conclude the trial court did not err in failing to discount the reasons the prosecutor gave for challenging the witness.

## CONCLUSION

We conclude that the trial court was not clearly erroneous in finding that the prosecutor's peremptory challenge of a potential juror was not based on race. The prosecutor's explanation of his challenge was race neutral, related to the case, clear and specific, and legitimate. We therefore affirm.[1]

DAVIS, Associate P.J., and BENCH, J., concur.

---

1. Merrill also claims the trial court erred by failing to provide the jury with a reasonable alternative hypothesis instruction. Defendant fails to cite to any case law supporting this claim and makes no effort to explain how the instructions given by the trial court in this case to the jury were erroneous. Thus, as his claim is without merit, we decline to address it. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989).